# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CYNTHIA ORAVECZ, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>  vs.<br><br>CAVALRY PORTFOLIO SERVICES, LLC, and CAVALRY SPV I, LLC<br><br>        Defendants. | Case No.: 14-cv-1126<br><br>**CLASS ACTION SETTLEMENT AGREEMENT**<br><br><br>Hon. Lynn Adelman |

This Class Settlement Agreement ("Agreement") between Plaintiff and putative Class Representative, Cynthia Oravecz, ("Plaintiff" or "Class Representative") individually, and on behalf of the putative class of similarly situated persons and Defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC (collectively, "Cavalry" or "Defendants"), was reached after arms-length negotiations between counsel for all parties and is entered into as of May 27, 2015.

## RECITALS

1.    On September 15, 2014, Plaintiff filed a Class Action Complaint in the United States District Court for the Eastern District of Wisconsin, alleging that a debt collection letter, sent to her by Cavalry, contained confusing statements, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Specifically, Plaintiff alleged that Cavalry mailed to Plaintiff, a debt collection letter includes the text: "This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org." Plaintiff alleged further that the above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74, and that Cavalry does not hold a

Wisconsin Collection Agency License issued by the Division of Banking. Plaintiff alleged that Cavalry's debt collection letter violated 15 U.S.C. §§ 1692e, 1692e(1) and 1692e(9). The Complaint also made allegations on behalf of a putative class of individuals, namely Wisconsin consumers who had received the same form letter from Cavalry on or after September 15, 2013.

2. Plaintiff filed a motion to certify a class with her complaint, pursuant to *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011) (Dkt. No. 3). The motion sought to have Plaintiff appointed as the Class Representative and the law firm of Ademi & O'Reilly, LLP appointed as the Class Counsel.

3. Plaintiff and the putative class are represented by Shpetim Ademi, Mark A. Eldridge and Ademi & O'Reilly, LLP, ("Class Counsel"). Class Counsel has conducted a thorough investigation of the facts pertinent to the Complaint and likewise investigated the law regarding the claims against Cavalry and the asserted defenses. Class Counsel recognizes the risk and expense associated with a trial of Plaintiff's claims and any further appeals that may follow, and the uncertainty inherent in complex litigation, and has concluded that the settlement set forth in this Settlement Agreement is in the best interest of Plaintiff and the Class, and, ultimately, judicial economy.

4. Cavalry denies that it is liable in any way to the Class Representative or the Class and denies that its actions violated the FDCPA in any manner. Cavalry's counsel has conducted a thorough investigation of the facts pertinent to the Complaint and likewise investigated the law regarding the claims against Cavalry and the asserted defenses. However, Cavalry is willing to enter into this Agreement to avoid the further expense and inconvenience of litigation, and has concluded that it is in its best interests to resolve and settle all claims which have been made or

Case 2:14-cv-01126-LA   Filed 06/15/15   Page 3 of 13   Document 23-1

could be made against it by the Class arising out of the matters alleged in the Complaint and Cavalry's alleged violations of the FDCPA.

5. In consideration of the foregoing and other good and valuable consideration, the Class Representative, Class Counsel, and Cavalry stipulate and agree that the claims of the Class Representative and the Class against Cavalry should be and are hereby compromised and settled, subject to the final approval of the Court, after a hearing, and upon entry of a final judgment of dismissal with prejudice as provided in this Agreement, all subject to the following terms and conditions. This Agreement shall be filed as Exhibit A to the Parties' Joint Motion for Preliminary Approval of Class Settlement Agreement.

## SETTLEMENT TERMS

6. **Effective Date.** The effective date of this Agreement shall be the date of the entry of the Final Order if no objections to the settlement are made by the time of the fairness hearing ("Effective Date"). If objections to this Agreement have been made by the time of the fairness hearing, the Effective Date shall be the later of (a) the date of the expiration of the time to appeal from the Final Order without an appeal having been taken or; (b) if an appeal shall be taken from the Final Order, the date upon which all appeals, including petitions for leave to appeal, *certiorari,* or rehearing, or any proceedings resulting therefrom, have been finally disposed of in such manner that the Agreement is affirmed in its entirety and the settlement may be consummated without change. The parties waive their rights to appeal from any Final Order entered in accordance with the terms of this Agreement. The parties shall each bear their own costs and expenses in responding to any appeal taken from the Final Order.

7. **Certification of Settlement Class.** For purposes of this settlement only, Plaintiff and Defendants agree to the Court's conditional certification of the following Settlement Class ("Class"):

(a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Cavalry Portfolio Services, LLC, (c) stating that Cavalry Portfolio Services, LLC is licensed by the Division of Banking in Wisconsin, (d) seeking to collect a debt for personal, family or household purposes, (e) allegedly owed to Cavalry SPV I, LLC, (e) on or after September 15, 2013, (f) that was not returned by the postal service.

8. The Class shall be represented by Plaintiff. The Class consists of approximately 2,033 persons according to Cavalry's records. The law firm of Ademi & O'Reilly shall act as Class Counsel.

9. Upon execution of this Agreement, the Parties will jointly request that the Court preliminarily find that this Agreement is fair to all Class Members and approve the class notice ("Class Notice") attached as <u>Exhibit C</u> to the Parties' Joint Motion for Preliminary Approval of Class Settlement Agreement. The approval process is described further in paragraphs fifteen (15) through seventeen (17), below.

10. If this Agreement fails to be approved or otherwise fails to be consummated in accordance with its terms:

    a. Plaintiff shall be entitled to continue this Action on behalf of herself and of the Class in accordance with the rulings, circumstances and procedural posture that existed in this case on the date of filing of the parties' joint motion for preliminary approval, and

    b. Cavalry shall retain all rights to continue its defense to this case in accordance with the rulings, circumstances and procedural posture that existed in this case on the date of filing of the parties' joint motion for preliminary approval.

11. In consideration of the full and complete settlement, release, and discharge of all claims of Class Representative and the Class against Cavalry, and subject to the provisions of this Agreement and all applicable orders of the District Court, Cavalry promises as follows:

4

a. **Class Recovery.** Cavalry shall pay to the Class $34,000, to be shared on a *pro rata* basis by those Class members who timely return a claim form ("Claimants"). Plaintiff is a Class member and will be afforded the opportunity to submit a claim form. All checks issued to these Claimants in accordance with this paragraph shall indicate on their face that they are void after one hundred and twenty (120) days from the date issued ("void date"), and shall be sent to the Claimants by first-class mail by Cavalry within thirty (30) days of the Effective Date. Any portion of the Class Recovery that is unclaimed by the Class, because the settlement check was returned as undeliverable or without a forwarding address, or because the check remains uncashed one hundred and twenty (120) days after distribution shall be contributed to Make a Difference—Wisconsin as a *cy pres* award. In addition, within one hundred (100) days after final approval of this Agreement by the District Court, counsel for Cavalry shall provide a report to Class Counsel stating the number of Class members' checks that were returned or remained uncashed.

b. **Attorneys' Fees and Costs.** Subject to Court approval, Class Counsel shall receive payment from the Cavalry, within thirty (30) days of the Effective Date, for attorneys' fees and related litigation costs and expenses in an amount not to exceed thirty thousand dollars ($30,000.00). Cavalry agrees not to oppose any application or petition by Class Counsel for approval of attorneys' fees and costs in an amount not to exceed thirty thousand dollars ($30,000.00).

c. **Costs of Notice and Administration.** Upon preliminary approval of this Agreement by the Court, Cavalry agrees to pay all costs associated with the mailing of the Class Notice, as described in paragraph fourteen (14) below, and with the distribution of the Class

Recovery, as described in the first subpart of this paragraph. These costs are in addition to the Class Recovery, Attorneys' Fees and Costs, and Recovery to Class Representative.

        d.    **Recovery to Class Representatives.** Plaintiff shall be paid three thousand dollars ($3,000) at the time of distribution of funds to Class Counsel as alleged damages and for her efforts as Class Representative. This payment shall be made within thirty (30) days from the Effective Date, and be made by Cavalry to Class Counsel's client trust account, Ademi & O'Reilly LLP Client Trust Account.

12.    Notwithstanding anything to the contrary in this Agreement, including all exhibits, under no circumstances shall the liability of Cavalry under this Agreement exceed the aforementioned sums, limited to payment to the Class Representative of $3,000.00, payment to Class Counsel of attorneys' fees and costs of $30,000.00, payment to the Class of $34,000.00 (to be shared on a *pro rata* basis by each member of the Class who submits a valid proof of claim form), plus costs to Cavalry, or charged to Cavalry by its class administrator, of notice and administration.

13.    **Release.** As consideration for this Agreement, and upon the Effective Date, the Class Representative and each and every member of the Class who has not opted out, including each and every one of their respective present, former and future agents, representatives, attorneys, heirs, administrators, executors, assigns or any other person acting on their behalf or for their benefit (collectively, "Releasors") hereby release and discharge Defendants, as well as their respective predecessors and successors in interest and present, former and future affiliates, parents, subsidiaries, related parties, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, collectors, brokers, assigns, or entities for which Defendants perform portfolio servicing

activities (including, without limitation, any investors, trusts, or other similar entities) (collectively, "Releasees") from any causes of action, suits, claims or demands whatsoever, in law or in equity, known or unknown at this time, which the Class Representatives and the Class now have or ever had against the Releasees, or any of them, under any legal theory, whether or not alleged, arising out of the allegations in or subject matter of the Complaint.

14. **Class Notice.** Cavalry shall cause to be sent, or arrange to send, either itself or through its claims administrator, the Class Notice, in the form attached to the Parties' Joint Motion for Preliminary Approval of Class Settlement Agreement as Exhibit C, to each Class Member, by any form of U.S. mail that provides a forwarding address, within thirty (30) days of Preliminary Approval of this Agreement by the District Court. No skip-tracing shall be done as to any Class Notices that are returned by the postal service, with no forwarding address. Class Notices returned with a forwarding address shall be re-mailed to the new address within five (5) business days. The Parties will notify each other within a reasonable amount of time of the receipt of any objection to this Agreement received from a member of the Class. Notice shall be provided to each Class Member's last known address, as provided by a national change of address database update search. This form of notice is sufficient and any Class Member who does not timely submit a claim form shall not receive a distribution from the Class Recovery, but will otherwise remain a member of the Class for all other purposes of this Agreement and settlement. Class Members, subject to the Court's approval, shall have forty-five (45) days in which to return a claim form or file an objection.

15. **Preliminary Approval.** The Parties will jointly request Preliminary Approval of the settlement set forth in this Agreement, and will request the entry of an order of Preliminary Approval in the form attached as Exhibit B to the Parties' Joint Motion for Preliminary Approval

of Class Settlement Agreement ("Preliminary Order"). The fact that the Court may require non-substantive changes in the Preliminary Order does not invalidate this Agreement. If the Court refuses to grant Preliminary Approval, then this Agreement shall be null and void and the provisions of paragraph ten (10) will apply. The parties agree to request a date for the Final Approval Hearing approximately one hundred twenty (120) days from the date of the Court's issuance of the Preliminary Order.

16.     **Final Approval.** After notice to the Class and an opportunity to object, the Parties shall jointly move for a final order in the form attached as Exhibit D to the Parties' Joint Motion for Preliminary Approval of Class Settlement Agreement ("Final Order") which (a) approves the settlement set forth in this Agreement as fair, reasonable and adequate and directs its administration in accordance with the terms of this Agreement; (b) finds that the notice given to the Class satisfied the requirements of Due Process and Rule 23; (c) dismisses this action with prejudice, and gives full force and effect to the Releases contained in paragraph thirteen (13); (d) provides that the Class Representative and any member of the Class who does not exclude himself or herself from the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any state, federal, or foreign court, against Defendants, their respective predecessors or successors in interest, or their past, present affiliates, parents, subsidiaries, related parties, insurers, successors, and assigns, and its present or former directors, officers, partners, employees, members, shareholders, representatives, heirs, beneficiaries, assigns, agents, insurers, attorneys, collectors, brokers, or entities for which Defendants perform portfolio servicing activities (including, without limitation, any investors, trusts, or other similar entities), any and all claims, under any legal theory, whether or not alleged, arising out of the allegations in this lawsuit; (e) provides that

Defendants shall be barred identically from pursuing any claim for relief under 15 U.S.C. §1692k(a)(3) of the FDCPA against the Class Representative, any member of the Class, or Class Counsel arising out of the claims asserted against Defendants in this action; and (f) which provides that the Court retains jurisdiction to supervise and enforce the terms of this Agreement.

17. The settlement set forth in this Agreement shall not become effective unless and until the District Court finally approves the Agreement and settlement, without material alteration, as fair, reasonable, and adequate. In the event that the District Court does not approve any part of this Agreement and settlement, then this entire Agreement and settlement shall become null and void except that the parties may agree in writing to proceed with a modified settlement and apply for District Court approval of that modified settlement. In the event that this Agreement shall become null and void for any reason, the provisions of Rule 408 of the Federal Rules of Evidence will apply. No admission of law or fact, or combination thereof, will be found to exist as a result of this Agreement.

18. Neither this Agreement nor any negotiations shall be construed, offered, received as, or deemed to be, evidence of an admission or concession by the Class Representative or the Class of lack of merit, or by Cavalry of any liability or wrongdoing whatsoever, whether as alleged in the Complaint or otherwise. Cavalry specifically denies that the conduct alleged in the Complaint gives rise to any such liability.

19. All documents, papers and notices required to be given by this Agreement to the Class Representative, the Class or Class Counsel shall be given by U.S. Mail or electronic mail to:

    Shpetim Ademi (sademi@ademilaw.com)
    Mark A. Eldridge (meldridge@ademilaw.com)
    ADEMI & O'REILLY, LLP
    3620 East Layton Avenue

9

Case 2:14-cv-01126-LA   Filed 06/15/15   Page 10 of 13   Document 23-1

Cudahy, WI 53110

All documents, papers and notices required to be given under this Agreement to Cavalry shall be given by U.S. Mail or electronic mail to:

> Jeffrey Pilgrim (jpilgrim@pilgrimchristakis.com)
> PILGRIM CHRISTAKIS LLP
> 321 North Clark Street, 26th Floor
> Chicago, IL 60654

20. The Parties acknowledge that this Agreement constitutes the entire agreement among the Parties and any other earlier or contemporaneous oral or written agreement respecting its subject matter shall have no force or effect. The Parties agree that no party shall be deemed to have drafted this Agreement. The Parties cannot alter or modify this Agreement except by an instrument in writing executed by each of them. This Agreement includes all the representations of every kind and nature made by the Parties one to the other. This Agreement may be executed in any number of counterparts, with signatures transmitted via facsimile and/or electronically scanned and mailed formats, each of which together shall be deemed one and the same instrument. The Parties agree that a facsimile, pdf or other electronic signature to this release & settlement agreement shall be treated and deemed as an original signature.

21. The Parties to this Agreement agree to cooperate in the submission of this Agreement to the Court and will recommend acceptance of the Agreement by all necessary parties. As soon as practicable, they will take all necessary steps to secure the District Court's Preliminary Approval of this Agreement. After notice to the Class and an opportunity to object, the Parties will take all steps reasonably necessary to secure the District Court's Final Approval of the Agreement and to secure the dismissal of this lawsuit with prejudice, on and subject to the procedures and conditions set forth. The Parties shall cooperate in taking any such other steps as

10

may be necessary or as may be requested by the Court and shall otherwise use their best efforts to implement this Agreement and the settlement provided for herein.

22. **Release of Attorneys' Lien.** In consideration of this Agreement, Class Counsel hereby waive, discharge and release the Releasees, as defined in paragraph thirteen (13), above of and from any and all claims for Attorneys' Fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case.

23. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Wisconsin for state issues and federal law for federal issues.

IN WITNESS HEREOF, the parties hereto, acting by and through their respective counsel of record have so agreed, on May 27, 2015.

**For Herself and the Class:**

*Cynthia Oravecz* (signature)
Cynthia Oravecz

**For Class Counsel with respect to release of attorneys' lien:**

*Mark A. Eldridge* (signature)
Mark A. Eldridge
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, Wisconsin 53110

For Cavalry Portfolio Services, LLC
By: (signature)
Name: Christian Parker
Title: EVP

11

For Cavalry SPV I, LLC
By: *[signature]*
Name: Christian Parker
Title: EVP

**Approved as to form**

*[signature]* Mark A. Eldridge
Mark A. Eldridge
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, Wisconsin 53110

*[signature]*
Jeffrey Pilgrim
PILGRIM CHRISTAKIS LLP
321 North Clark Street, 26th Floor
Chicago, IL 60654

12